UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0067-CVE |
| ) | (12-CV-0372-CVE-PJC) |
| RAFAEL HIDALGO-AVILES, ) | |
| previously named as "Rafael Hidalgo," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On July 2, 2012, defendant Rafael Hidalgo-Aviles, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 22). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." On August 8, 2012, plaintiff filed a motion to dismiss defendant's motion under 28 U.S.C. § 2255 (Dkt. # 27). Defendant has not filed a response to the government's motion to dismiss.

**I.**

On May 3, 2011, the grand jury returned a single-count indictment charging defendant with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Defendant was charged with possessing at least 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and he faced a statutory mandatory minimum sentence of 10 years imprisonment and a possible maximum sentence of life

imprisonment. Defendant made his initial appearance on May 23, 2011, and Assistant Federal Public Defender Stephen Greubel was appointed to represent defendant.

On June 23, 2011, defendant entered a guilty plea to the charge in the indictment, and an interpreter was present to assist defendant at the change of plea hearing. Dkt. # 11. The plea was made pursuant to a plea agreement with the government. The plea agreement (Dkt. # 14) contained an appellate and post-conviction waiver that provides, in part, that "[t]he defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Dkt. # 14, at 3. The plea agreement states that defendant knowingly and voluntarily agreed to waive certain appellate and post-conviction rights in "consideration of the promises and concessions made by the United States in this plea agreement . . . ." Id. Defendant also "expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights . . . ." Id. at 4. In the plea agreement, the government agreed that defendant had demonstrated acceptance of responsibility, and it agreed to file a motion for a third point reduction for acceptance of responsibility. Id. at 8. Defendant also consented to removal from the United States upon the completion of his term of imprisonment, and he waived the right to challenge or appeal his removal. Id. at 9-10.

During the change of plea hearing, defendant acknowledged that the plea agreement had been read to him in Spanish and that he had an opportunity to consult with his attorney after the plea agreement was read to him. Dkt. # 26, at 4. The Court reviewed the appellate and post-conviction waiver with defendant in detail:

2

| | |
|---|---|
| THE COURT: | Do you understand that in your written plea agreement at paragraph 3 there is a detailed and fairly comprehensive waiver of appellate and post-conviction rights? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And I have an obligation to review that with you on the record . . . . |

. . .

| | |
|---|---|
| THE COURT: | Do you understand that you are knowingly and voluntarily agreeing to waive the right to collaterally attack your conviction and sentence pursuant to 28, U.S.C., Section 2255, except for claims based on ineffective assistance of counsel which challenge the validity of your guilty plea or your waiver of appellate and post-conviction rights contained in your written plea agreement? |
| THE DEFENDANT: | Yes. |

. . .

| | |
|---|---|
| THE COURT: | Do you understand that you are expressly acknowledging that Mr. Greubel has explained your appellate and post-conviction rights, that you understand those rights, and that you are knowingly and voluntarily waiving those rights as set forth in your written plea agreement? |
| THE DEFENDANT: | Yes. |

Dkt. # 26, at 14-15. The Court advised defendant that he would be facing a statutory mandatory minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment, and defendant stated that he understood the consequences of a guilty plea. Id. at 8. Defendant admitted to the essential elements of the offense, including the drug quantity, and the Court accepted his guilty plea. Id. at 20-22.

Defendant's sentencing hearing was set for October 6, 2011 and a presentence investigation report (PSR) was prepared. The PSR noted that defendant's advisory guideline range was 87 to 108

months, but that he was subject to a statutory mandatory minimum sentence of 10 years (120 months). However, defendant was eligible for the safety valve under United States Sentencing Guideline § 5C1.2, and he could be sentenced without regard to the statutory mandatory minimum sentence. Defendant was sentenced to 87 months imprisonment, and the judgment and commitment was entered on October 6, 2011.

Defendant did not appeal his conviction or sentence. Defendant's conviction became final on October 20, 2011 when his time to file a direct appeal expired. Clay v. United States, 537 U.S. 522, 527 (2003). Defendant filed his motion to vacate, set aside, or correct sentence pursuant to § 2255 on July 2, 2012. Thus, defendant's motion was filed within the one year statute of limitations provided by § 2255(f), and his motion is timely.

**II.**

Defendant raises two claims of ineffective assistance of counsel in his § 2255 motion. First, he argues that he received ineffective assistance of counsel, because his attorney failed to request a two-level downward departure based on defendant's consent to removal from the United States.[1] Dkt. # 22, at 4. Second, defendant argues that his attorney was ineffective for failing to request that deportation be imposed as a condition of supervised release. Id. at 7. The government asks the Court to dismiss defendant's § 2255 motion based on the appellate and post-conviction waiver in

---

[1]   Defendant claims that the United States Attorney can offer up to a two level departure pursuant to an April 28, 1995 memorandum issued by former United States Attorney General Janet Reno if a defendant agrees to waive a deportation hearing, an administrative appeal, and judicial review of a deportation order. Dkt. # 22, at 4. However, the policy was discretionary and changes in immigration law that streamlined the deportation process resulted in many United States Attorneys abandoning the policy as early as 1997. United States v. Galvez-Falconi, 174 F.3d 255, 259 (2d Cir. 1999); United States v. Gonzales-Guzman, 2007 WL 3026651 (E.D. Wash. Oct. 16, 2007).

4

the plea agreement. Dkt. # 27. Defendant has not responded to the government's motion to dismiss and his § 2255 motion contains no argument concerning the enforceability of the appellate and post-conviction waiver. Before reaching the merits of defendant's ineffective assistance of counsel claims, the Court will consider whether defendant's § 2255 motion should be dismissed due to the appellate and post-conviction waiver in the plea agreement.

The Tenth Circuit has established a three-part test to determine if an appellate and post-conviction waiver is enforceable:

> (1) whether the disputed appeal [or post-conviction proceeding] falls within the scope of the waiver of appellate [and post-conviction] rights; (2) whether the defendant knowingly and voluntarily waived his appellate [and post-conviction] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . .

United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004). When determining the scope of an appellate or post-conviction waiver, a court must strictly construe the waiver in favor of the defendant and evaluate the scope of the waiver "in light of the defendant's reasonable understanding at the time of the guilty plea." United States v. Novosel, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007). Challenges to the voluntariness of a guilty plea generally do not fall within the scope of a waiver. United States v. Weeks, 653 F.3d 1188, 1197 n.4 (10th Cir. 2011). Hahn requires the consideration of two factors when a court is considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court "examine[s] whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." Hahn, 359 F.3d at 1325. Second, the guilty plea must be the result of an adequate colloquy under Fed. R. Crim. P. 11. Id. The first Hahn factor is whether defendant's claims fall within the scope of his waiver. The plea agreement contains an appellate and post-conviction waiver stating that "defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255,

5

except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver . . . ." Dkt. # 14, at 3. Defendant claims that his attorney was ineffective for failing to request a two-level downward departure and for failing to request that deportation be included as a condition of supervised release. Neither of these claims challenge the validity of defendant's guilty plea or the validity of the post-conviction waiver and these claims are waivable. United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). The claims raised by defendant directly challenge the validity of his sentence, and his claims fall within the scope of the post-conviction waiver in the plea agreement.

The second Hahn factor is whether defendant knowingly and voluntarily agreed to the appellate and post-conviction waiver. Under Hahn, the Court must initially consider whether the plea agreement states that defendant knowingly and voluntarily agreed to the waiver. Hahn, 359 F. 3d at 1325. The plea agreement in this case plainly states that defendant "expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his [rights]; and that defendant knowingly and voluntarily waives those rights . . . ." Dkt. # 14, at 4. Thus, it is clear that defendant admitted in the plea agreement that he knowingly and voluntarily waived certain appellate and post-conviction rights. The Court must also consider whether defendant's guilty plea was the result of an adequate Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court has reviewed the transcript of defendant's change of plea hearing and the transcript clearly shows that there was an adequate Rule 11 colloquy. The Court read each section of the appellate and post-conviction waiver to defendant, and defendant stated that he understood the rights he was giving up by accepting the plea agreement. Dkt. # 26, at 14-15. The Court also reviewed each of the constitutional rights that defendant waived by entering a guilty plea, and he stated that

he was knowingly and voluntarily waiving those rights. Id. at 16-18. Defendant's guilty plea was accepted following a thorough Rule 11 colloquy and the Court finds that defendant knowingly and voluntarily agreed to the appellate and post-conviction waiver.

Finally, the Court must consider whether enforcement of the post-conviction waiver will result in a miscarriage of justice. A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." Id. at 1327 (quoting United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001)). A defendant may not avoid enforcement of a waiver under the "otherwise unlawful" exception based on alleged errors in the calculation of his sentence, because this exception is focused on the fairness of the proceedings, rather than result of the proceedings. United States v. Smith, 500 F.3d 1206, 1213 (10th Cir. 2007). A miscarriage of justice does not occur when a defendant receives a sentence higher than he expected if that sentence does not exceed the statutory maximum. United States v. Green, 405 F.3d 1180, 1194 (10th Cir. 2005) (courts should consider the statutory maximum, not the defendant's anticipated sentence under the United States Sentencing Guidelines, to determine if a miscarriage of justice has occurred). The defendant bears the burden to show that a miscarriage of justice has occurred. United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005). There is nothing in the record suggesting that enforcement of the post-conviction waiver will result in a miscarriage of justice. In fact, defendant received a sentence below the statutory mandatory minimum of 10 years imprisonment because he was eligible for the safety valve under United States Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f). Defendant also received an additional one-level

reduction for acceptance of responsibility because he accepted the plea agreement.  No miscarriage of justice will result from enforcement of the post-conviction waiver in the plea agreement, and defendant's § 2255 motion should be dismissed based on the government's request to enforce the waiver.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss defendant's motion under 28 U.S.C. § 2255 (Dkt. # 27) is **granted**, and defendant's motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 22) is **dismissed**.  A separate judgment is entered herewith.

**DATED** this 28th day of November, 2012.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE